**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM N. HOMAN,
Plaintiff-Appellant,

v.

T. W. GARNER FOOD COMPANY,
Defendant-Appellee,                                                    No. 95-1936

v.

BLUE CROSS AND BLUE SHIELD OF
NORTH CAROLINA, INC.,
Third Party Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CA-91-520)

Submitted: September 10, 1996

Decided: September 23, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles O. Peed, Jr., CHARLES PEED & ASSOCIATES, Winston-
Salem, North Carolina, for Appellant. Jack E. Thornton, Jr.,

CANADY, THORNTON, BROWN & LAWS, L.L.P., Winston-Salem, North Carolina; Lindsay R. Davis, Jr., HILL, EVANS, DUNCAN, JORDAN & DAVIS, P.L.L.C., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant William N. Homan appeals the district court's dismissal of his claims for medical benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C.A. § 1161-69 (West Supp. 1996). Following his divorce, Homan elected to continue insurance coverage through his former wife's employer, T. W. Garner Food Company ("Garner"). Under Garner's written medical benefits plan, Homan could continue his medical insurance coverage by paying his premiums by the twenty-fifth of each month preceding the coverage month. Also, if payment was not received within thirty days of the due date his coverage would automatically terminate retroactively. Homan was aware of these provisions.

Homan did not tender payment for August 1989, which was due by July 25, 1989, until September 8, 1989.* Accordingly, Garner cancelled Homan's coverage on September 20, retroactive to August 1. Meanwhile, Homan incurred medical expenses on August 25 which were denied by Garner's insurance carrier, Blue Cross and Blue Shield of North Carolina, Inc. ("Blue Cross"), because Homan was not covered by Garner's medical plan at the time.

On appeal, Homan claims his untimely payment was waived by

_____

*A third party tendered payment to a Garner representative. The check was never cashed.

2

Garner because it accepted his payment on September 8, and that Garner is estopped from terminating his coverage. We review the district court's grant of summary judgment de novo. Higgins v. E. I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

Enacted in 1986, COBRA amended the Employment Retirement Income Security Act, 29 U.S.C.A. §§ 1001-1169 (West 1985 & Supp. 1996) ("ERISA"), providing for limited continuation of coverage rights under employer-provided group health insurance. See 29 U.S.C.A. §§ 1161-69 (West Supp. 1996). Coverage may cease, however, upon late payment of premiums, which COBRA defines as thirty days past the due date as stated in a plan. 29 U.S.C.A. § 1162(2)(C) (West Supp. 1996). A company may automatically and retroactively terminate benefits for failure of timely payment. Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 57-58 (4th Cir. 1992), cert. denied, 506 U.S. 1081 (1993).

The district court properly granted summary judgment to Garner because the record was uncontroverted that Homan failed to make his August payment by the July 25 due date or within thirty days after the due date. See 29 U.S.C.A. § 1162(2)(C); Coleman, 969 F.2d at 57-58. Homan's claims that Garner waived its right or is estopped from demanding timely payment fail because benefits plans governed by ERISA must be maintained pursuant to a written instrument, 29 U.S.C. § 1102(A)(1) (1988), and oral or informal communications are inadequate to alter the written terms of the plan. See Biggers v. Wittek Indus. Inc., 4 F.3d 291, 295-96 (4th Cir. 1993) (oral or informal written amendments are inadequate to alter written terms of an ERISA plan because this practice would undermine certainty). Further, the doctrine of estoppel cannot be used to circumvent this requirement. See Pierce v. Security Trust Life Ins. Co., 979 F.2d 23, 29 (4th Cir. 1992) (the requirement that ERISA plans be maintained in writing precludes oral modifications of the plan; common law doctrine of estoppel cannot be used to alter this result). For these reasons, we affirm the district court's dismissal of the action.

AFFIRMED

3